IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : |
| | : Case No. 03-12872 (KJC) |
| Debtor | : |
| | : |
| NORTHWESTERN CORPORATION, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 05-444-JJF |
| | : |
| LESTER E. AMMONDSON, et al., | : ADV.05-51063 |
| | : |
| Appellees. | : |

## MEMORANDUM ORDER

Pending before the Court is a Motion For Order Dismissing Appeal filed by Appellant Northwestern Corporation (D.I. 17). By its Motion, Appellant requests the Court, pursuant to Bankruptcy Rule 8001(c)(2), to enter an Order dismissing this appeal with each side to bear its own fees and costs. Appellees have filed a limited opposition to the Motion seeking revisions to the dismissal order regarding the payment of fees and costs.

Both parties to this appeal agree that dismissal of the appeal is appropriate. The parties' disagreement concerns the allocation of fees and costs associated with this appeal. Appellees contend that the determination of whom should bear the fees and costs associated with this appeal should be left to a pending action in Montana state court filed by the Appellees

which alleges among other things that the Debtors' initiation of proceedings in the Bankruptcy Court constituted an abuse of process for which damages, including the costs of defending their rights, are recoverable. The Appellees also contend that at least one of the contracts they have with Appellant contains a provision for attorneys' fees for the prevailing party. Thus, Appellees contend that the fees and costs incurred in defending this appeal are before the Montana court, and any order dismissing this appeal should not affect those claims. In support of their position Appellees request the Court to include the following language in the Order dismissing this appeal: "any award of fees or costs with respect to this appeal shall be determined in the parties' pending action in the Montana Second Judicial District Court for the County of Silver Bow."

In its Reply Brief, Appellant agrees to modify the language in the proposed dismissal order so that the language indicating that "each party will bear their own costs and fees" would be changed to "each party will bear their own fees and costs on appeal, except to the extent that the Montana court orders otherwise under state law." Citing to the Court's decision in Agassi v. Planet Hollywood, 269 B.R. 543, 552 (D. Del. 2001) and the Bankruptcy Court's decision in this case, Appellants contend that the question of whether a party is entitled to fees and costs arising under the Bankruptcy Code is a question left for

this Court, and it is only appropriate to defer to the state court on the issue of whether fees and costs should be awarded on claims arising under state law.

In Planet Hollywood, the Court recognized that "[a]ttorney's fees are not independently recoverable under the Bankruptcy Code, but they may be recovered in bankruptcy proceedings under state law if the parties' contractual arrangement provides for the recovery of attorney's fees." Id. Applying Planet Hollywood here, the Bankruptcy Court stated:

> This entire matter involved whether this Court has jurisdiction to hear and decide the pension termination issues. Bankruptcy law alone determines that issue. I leave to the State court whether attorney's fees are recoverable in the State Court Action, and give no opinion on that matter. Accordingly, the present requests for the award of attorney's fees and costs are rejected.

(D.I. 12 in Adversary Proceeding ("AP") No. 05-51063, at 13). In its Order, the Bankruptcy Court denied the requests for fees and costs "without prejudice to each party's ability to assert their positions in the State Court Action." (D.I. 13 in Adversary Proceeding No. 05-51063, at 2).

In the Court's view, the revised language proposed by Appellant is in accord with the Bankruptcy Court's intent and the applicable case law. Accordingly, the Court will enter the Order dismissing this appeal as revised by Appellant so that "each

2

party will bear their own fees and costs on appeal, except to the extent that the Montana court orders otherwise under state law."

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Appellant's Motion For Order Dismissing Appeal filed by Appellant Northwestern Corporation (D.I. 17) is **GRANTED**.

2. A separate Order dismissing the above-captioned appeal will be entered by the Court.

September 29, 2006
Date

UNITED STATE DISTRICT JUDGE